Allen LUDWIG, Sr. and Mary Jo Ludwig, Individually, and on Behalf of the Estate of Allen Ludwig, Jr., Deceased, William L. Beach and Pat Beach, Individually, and on Behalf of the Estate of Stephanie Beach, Deceased, Appellants,

v.

ENSERCH CORPORATION d/b/a Lone Star Gas Company, Appellee.

No. 01–91–01290–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 3, 1992.

Timothy Crowley, Bryan, Frank W. Mitchell, Houston, for appellants.

Thomas M. Callan, Susan Laurea, Teri S. Mace, Dallas, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

PER CURIAM.

On this day the Court considered the motion of appellee to dismiss this appeal for want of jurisdiction, filed December 13, 1991, the response and motion of appellants to deem this appeal timely filed and for extension of time to file cash deposit in lieu of appeal bond, filed December 20, 1991, and appellee's reply and response, filed January 8, 1992.

On September 30, 1991, appellants, plaintiffs below, filed their third amended petition, naming only appellee Enserch Corporation as a defendant party. An amended petition, by omitting a defendant, operates to voluntarily dismiss that party. *Webb v. Jones,* 488 S.W.2d 407, 409 (Tex. 1972). The legal result is that an amended pleading supersedes and supplants earlier original pleadings. TEX.R.CIV.P. 65. Parties to a suit are dismissed as effectively by omitting their names from an amended pleading as by entry of a formal order of dismissal. *Mercure Co., N.V. v. Rowland,* 715 S.W.2d 677, 679 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Thus, the only defendant remaining in this case after filing of the amended petition on September 30, 1991, was Enserch Corporation.

On October 7, 1991, the trial court signed and entered an order granting defendant Enserch Corporation's motion for summary judgment, and the only defendant in the case was dismissed with prejudice. Because that order disposed of all parties and issues in the case, it was final and appealable. *Schlipf v. Exxon,* 644 S.W.2d 453, 454 (Tex.1982).

Appellants did not file a motion for new trial, and it was necessary for them to perfect this appeal by timely filing their cost bond within 30 days after the order was signed, on or before Wednesday, November 6, 1991. TEX.R.APP.P. 41(a)(1). Appellants filed their cash deposit in lieu of bond on November 7, 1991. TEX.R.APP.P. 46(b).

The Court of Appeals has no jurisdiction to consider an appeal when the cost bond is not timely filed and a motion to extend the filing period for the cost bond has not been filed within the 15–day grace

period allowed under TEX.R.APP.P. 41(a)(2). *Davies v. Massey,* 561 S.W.2d 799, 801 (Tex.1978); *Wadkins v. Diversified Contractors,* 714 S.W.2d 136 (Tex.App.—Houston [1st Dist.] 1986, no writ). Although appellants, on December 20, 1991, requested an extension of time in which to file their cash deposit, such an extension may only be granted when a motion for extension and the bond are filed within the 15–day extension period. *Pierson v. Josef Manufacturing, Inc.,* 665 S.W.2d 193 (Tex.App.—Dallas 1984, no writ). That period ended on November 21, 1991. The time limits for filing of bonds on appeal cannot be dispensed with or enlarged for any reason. These restrictions are mandatory and jurisdictional. *Young v. Kilroy Oil Co. of Texas,* 673 S.W.2d 236, 242 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Appellants' reliance on *Garcia v. Kastener Farms, Inc.,* 774 S.W.2d 668 (Tex. 1989), is misplaced. Although that court addressed conduct constituting the "reasonable explanation" required of a movant under TEX.R.APP.P. 41(a)(2), the appellant in that case had timely filed a motion for extension of time to file cost bond, and the Court of Appeals had jurisdictional authority to consider the appeal. *Id.* at 669.

Accordingly, appellants' motion to deem this appeal timely filed and motion for extension of time to file cash deposit in lieu of appeal bond are DENIED. Appellee's motion to dismiss this appeal for want of jurisdiction is GRANTED, and this appeal is DISMISSED for want of jurisdiction.