James H. UPTMORE, Relator,

v.

The FOURTH COURT OF APPEALS,
Respondent.

No. 94–0379.

Supreme Court of Texas.

June 22, 1994.

Richard H. Ihfe and Teresa J. Waldrop, San Antonio, for relator.

William A. Jeffers, Jr., San Antonio, for respondent.

On Petition for Writ of Mandamus

PER CURIAM.

This original mandamus proceeding arises out of an appeal from a trial in which proceedings were electronically recorded pursuant to this Court's 1990 order adopting "Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County By Electronic Recording". Rule 3 provides that the statement of facts on appeal from such proceedings is a certified copy of the recording and accompanying logs, and the exhibits. Rule 4 requires that the statement of facts be filed within 15 days of the perfection of appeal.

Relator did not file a copy of the recording with the court of appeals within 15 days of perfecting his appeal, nor did he file a timely motion for extension; but he did file the statement of facts as defined by Rule 3, as well as a transcript of the recording, within the time allowed for filing the appellate record under Tex.R.App.P. 54. The court of appeals nevertheless held that the statement of facts was not timely filed and could not be considered. 875 S.W.2d 422.

Within the time in which the appellate record must be filed under Rule 54, relator tendered not only the recordings of the proceedings, together with the exhibits and other materials, but a transcription of the recordings as well. In these circumstances, relator satisfied the requirements of the appellate rules. The appellate court abused its discretion in concluding that it was without authority to accept and consider the statement of facts. Absent mandamus relief, relator will be left with an inadequate remedy by appeal. *National Union Fire Ins. Co. v. Ninth Court of Appeals,* 864 S.W.2d 58, 61 (Tex.1993).

Accordingly, a · majority of the Court grants relator's motion for leave to file, and without hearing oral argument, conditionally grants his petition for writ of mandamus. Tex.R.App.P. 122. The writ will issue only if the court of appeals fails to act in accord with our opinion.