**Jesus OLIVO**

v.

**STATE of Texas.**

**No. 04–94–00775–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1995.

Discretionary Review Granted
May 10, 1995.

John H. Hagler, Dallas, for appellant.

John Vance, Dist. Atty., Dallas, for appellee.

Before CHAPA, C.J., and STONE and HARDBERGER, JJ.

## OPINION

STONE, Justice.

Appellant was sentenced in the above numbered cause on March 28, 1994. A motion for new trial was filed on April 26, 1994. A notice of appeal was due to be filed on June 27, 1994. *See* TEX.R.APP.P. 41(b)(1). The notice of appeal was not filed until July 12, 1994. A motion for extension of time to file the notice of appeal was due to be filed in the appellate court no later than July 12, 1994. *See* TEX.R.APP.P. 41(b)(2). The motion for extension of time was not filed until September 27, 1994.

Appellant has filed an affidavit by his trial attorney explaining that the notice of appeal was not timely filed "because of the pending motion for new trial and the confusion that resulted therefrom." We note that the time in which to file a notice of appeal is in no way dependent on whether a motion for new trial is still pending or has been ruled upon. The time period runs from the date sentence is imposed or suspended in open court. TEX.R.APP.P. 41(b)(1). The mere filing of a motion for new trial extends the notice of appeal filing period from thirty days to ninety days. *Id.* Whether thirty or ninety days, however, the period continues to run from the date sentence is imposed or suspended, not the date of any ruling on the motion for new trial. In the ordinary appeal this is the exclusive starting point for determining timeliness of a notice of appeal. *See Rodarte v. State*, 860 S.W.2d 108 (Tex.Crim. App.1993).

A late filed notice of appeal may be considered timely filed and thus invoke the appellate court's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed within fifteen days of the last day allowed for filing the notice of appeal, and (3) the motion for extension of time is granted by the appellate court. TEX.R.APP.P. 41(b)(2). As this court has previously held, compliance with the first two requirements is jurisdictional. *See Charles v. State*, 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.).

We recognize other appellate courts have held that a notice of appeal filed within the fifteen day grace period is sufficient to invoke appellate jurisdiction, even in the absence of an accompanying motion for extension of time. *Sanchez v. State*, 885 S.W.2d 444, 446 (Tex.App.—Corpus Christi 1994, no pet.); *Boulos v. State*, 775 S.W.2d 8, 9 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). Yet the rule dictates that a late notice of

appeal may be allowed "if such notice is filed within fifteen days after the last day allowed **and within the same period** a motion is filed in the court of appeals reasonably explaining the need for such extension." TEX.R.APP.P. 41(b)(2) (emphasis added).

In the civil context the Texas Supreme Court has held that an appellate court lacks authority to consider an extension motion tendered to the court after expiration of the fifteen day grace period. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982). Different considerations are involved in criminal cases, however, and a definitive ruling from the Court of Criminal Appeals would be beneficial. In the absence of such a ruling we hold that appellant's notice of appeal was not timely filed. The appeal is dismissed for lack of jurisdiction.