Frank JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–95–00139–CR.

Court of Appeals of Texas, Texarkana.

May 24, 1995.

---

**422**

Vernard G. Solomon, Marshall, for appellant.

James P. Finstrom, Jefferson, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Frank Jones appeals his conviction for the offense of murder. Punishment was assessed at confinement for life in the Institutional Division of the Texas Department of Criminal Justice.

Appeal is perfected in a criminal case, when no motion for new trial has been filed, when a written notice of appeal is filed within thirty days after the day sentence is imposed in open court. TEX.R.APP.P. 41(b)(1). An extension of time for filing a notice of appeal may be granted by a court of appeals if such notice is filed within fifteen days after the last day allowed *and* within the same period a motion is filed in the *court of appeals*

reasonably explaining the need for such extension. TEX.R.APP.P. 41(b)(2).

The sentence was imposed in this case on March 27, 1995. No motion for new trial was filed. Accordingly, the notice of appeal was due on April 26, 1995. The notice was actually filed on May 11, 1995, and a motion for extension of time within which to file an out-of-time appeal was filed in the trial court three days earlier on May 8, 1995.

■ On May 15, 1995, the presiding judge of the 276th District Court of Marion County signed an order containing the following paragraph: "On this day came on to be considered the Motion for Permission to File Out of Time Notice of Appeal and the Court (GRANTS) (DENIES) such Motion." Neither the word "GRANTS" nor the word "DENIES" was struck out. There is thus no indication as to which of the two possible courses of action the judge intended to take. We therefore conclude that the judge took no action on the request, which is consistent with the provision of Rule 41(b)(2) that gives authority only to the court of appeals to grant or deny a request for an extension of time to file a notice of appeal. Any action by a trial judge to act on a request for an extension of time to file a notice of appeal would have been a nullity. The authority of an appellate court to act on such a request is limited to the fifteen-day grace period after the regular due date for a notice of appeal. TEX.R.APP.P. 41(b)(2).

■ A court of appeals is without jurisdiction to consider an appeal in which a timely notice of appeal has not been filed. *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim.App.1993). A late notice of appeal filed within the grace period provided by the above rule may be considered timely so as to invoke an appellate court's jurisdiction only if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed within fifteen days of the last day allowed for filing the notice of appeal, and (3) the motion for extension of time is granted by the appellate court. TEX. R.APP.P. 41(b)(2); *Olivo v. State*, 894 S.W.2d 58 (Tex.App.—San Antonio, 1995, petition granted). Compliance with the first two requirements is jurisdictional. *Id.*

■ We are aware that the Texas Supreme Court has held in a civil context that, where there has been a bona fide attempt to invoke appellate jurisdiction, a court of appeals should allow appellant to correct an error made in the attempt. *See Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994) (filing a notice of appeal instead of a cost bond, as required, was a bona fide attempt to invoke the jurisdiction of the court); *Grand Prairie Independent School District v. Southern Parts Imports, Inc.* 813 S.W.2d 499, 500 (Tex.1991) (same finding). However, material errors as to the timing of a perfection of appeal do deprive a court of appeals of jurisdiction. *El Paso Sharky's Billiard Parlor, Inc. v. Amparan,* 831 S.W.2d 3, 4 (Tex.App.—El Paso 1992, writ denied) (motion for extension of time to file a cost bond, as jurisdictional prerequisite to an appeal, must be timely filed in the appellate court; request for extension of time filed in trial court was insufficient).

We are also aware that, in a criminal case context, other courts have held that a notice of appeal filed within the fifteen-day grace period is sufficient to invoke jurisdiction, even if the appellant failed to file an accompanying motion for an extension of time within which to file the notice, as required by Rule 41(b)(2). *See Sanchez v. State,* 885 S.W.2d 444, 446 (Tex.App.—Corpus Christi 1994, no pet.); *Boulos v. State,* 775 S.W.2d 8, 9 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). We decline to follow those courts, however, because the language of Rule 41(b)(2) clearly provides that an extension of time for filing a notice of appeal may be granted by a court of appeals if such notice is filed within fifteen days after the last day allowed *and* within the same period a motion is filed in the *court of appeals* reasonably explaining the need for such extension. *See Olivo v. State, supra* (also declining to follow those courts). In *Olivo,* the El Paso Court of Appeals invited the Court of Criminal Appeals to provide a definitive ruling as to this issue. We join the El Paso court in that invitation because we are bound by the rules promulgated by the Court of Criminal Appeals. We do not believe that Rules 2(b) and 83 of the Rules of Appellate Procedure permit us to suspend those rules so as to bestow jurisdiction upon us where jurisdiction otherwise does not exist. *See* Tex.R.App.P. 2(a) (appellate rules shall not be construed to extend or limit the jurisdiction of the courts of appeals as established by law); *see also Jones v. State,* 796 S.W.2d 183, 187 (Tex. Crim.App.1990) (Tex.R.App.P. 83 does not give a court of appeals power to permit an appellant to amend his notice of appeal out of time).

■ In this case, the notice of appeal was filed on the last day of the fifteen-day grace period. The motion for extension of time to file within that period, required by Rule 41(b)(2) to be filed in the *court of appeals,* was erroneously filed in the *trial court.* Accordingly, the second prong of the rule has not been satisfied. We are without jurisdiction to consider this appeal because a notice of appeal was not timely filed so as to perfect the appeal.

Were we writing on a clean slate, we would grant an out-of-time appeal under these facts and consider the case on the merits. We are without authority to do so, however, because we are bound by the holding of the Court of Criminal Appeals in *Rodarte,* 860 S.W.2d 108.

The appeal is dismissed for want of jurisdiction.