**Dana Ray BROADNAX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00043–CR.**

Court of Appeals of Texas,
Texarkana.

June 1, 1995.

Rehearing Overruled June 21, 1995.

Kathi Alyce Drew, Dallas, for appellant.

Sue Korioth, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Dana Broadnax appeals from a conviction for unlawful delivery of a controlled sub-

stance (cocaine). The jury assessed punishment at fifteen years' confinement.[1]

The sentence was imposed in open court on August 26, 1994. A notice of appeal, which was due to be filed in the trial court within thirty days of that date, was not filed until December 6, 1994. Because the notice of appeal was filed several months after it was due, it was untimely under TEX.R.APP.P. 41(b)(1).

On February 3, 1995, Broadnax filed a motion in the Fifth Court of Appeals to extend the time to file his notice of appeal in this cause. On April 18, 1995, that court granted the motion.

■ Rule 41(b)(2) of the Rules of Appellate Procedure provides that an extension of time within which to file a notice of appeal may be granted by a court of appeals if the notice was filed within fifteen days after the last day allowed and within the same fifteen-day period a motion was filed in the court of appeals reasonably explaining the need for such extension. *See also Olivo v. State*, 894 S.W.2d 58 (Tex.App.–San Antonio 1995, no pet.). Compliance with these provisions is jurisdictional. *Id.*, citing *Charles v. State*, 809 S.W.2d 574, 576 (Tex.App.–San Antonio 1991, no pet.). Neither of these requirements was met in this case.

■ A timely and properly filed notice of appeal is necessary to perfect an appeal in a criminal case. TEX.R.APP.P. 41(b)(1). The Fifth Court of Appeals was without jurisdiction on April 18, 1995 to grant an extension of time within which to file a notice of appeal which was due on September 26, 1994. Appellate rules may not be construed to extend or limit the jurisdiction of the courts of appeals as established by law, and Rules 2(b) and 83 of the Rules of Appellate Procedure do not authorize a court of appeals to suspend the requirements of Rules 41(b)(1) and 41(b)(2) so as to bestow appellate jurisdiction when jurisdiction does not otherwise exist. *See* TEX.R.APP.P. 2(a); *see also Jones v. State*, 796 S.W.2d 183, 187 (Tex.Crim.App. 1990) (TEX.R.APP.P. 83 does not give a court

of appeals power to permit an appellant to amend his notice of appeal out of time).

We hold that we are without jurisdiction to consider this appeal. *See Rodarte v. State*, 860 S.W.2d 108, 110 (Tex.Crim.App.1993).

The appeal is dismissed for want of jurisdiction.

the docket equalization program.

---

1. This case was transferred to this Court on May 8, 1995, by the Supreme Court of Texas under