Camp v. Baylor Medical Center 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-209-CV

     MELISSA GAIL CAMP, ET AL.,
                                                                                              Appellants
     v.

     BAYLOR MEDICAL CENTER AT WAXAHACHIE,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 52914
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Melissa Gail Camp, et al. filed a motion for extension of time to file a cost bond on June 26,
1995. Because the motion is untimely, we do not have the authority to grant the requested
extension. Thus, we must dismiss this cause for want of jurisdiction.
      In the motion, Camp alleges:



I.
This appeal arises out of a proceeding in the 40th Judicial District in Ellis County,
entitled MELISSA GAIL CAMP, JEFF MOFFITT, DUSTY HAWKINS, and AMBER
CAMP, vs. ELLIS COUNTY, TEXAS, and BAYLOR MEDICAL CENTER at
WAXAHACHIE, in Cause No. 52914.
II.
Summary Judgment was signed in this matter on March 13, 1995, as to BAYLOR. 
An order severing BAYLOR from the other defendant was signed on April 6, 1995. The
severed case was assigned a new cause number but has not yet been filed and therefore
there is not yet a final judgment in this matter. However, the Appeal Bond is filed this
day along with this Motion For Extension Of Time To File Appellants' Bond to file same
since the case has been severed on April 6th, although it is not yet a final order.
      "When a severance order takes effect, the appellate timetable runs from the signing date of
the order that made the judgment severed ‛final' and appealable. Depending on the sequence in
which the judge signs the documents, the relevant signing date and order may be either the
judgment or severance order." Martinez v. Humble Sand & Gravel, Inc., 875 S.W.2d 311, 313
(Tex. 1994). Thus, accepting Camp's recitation of the procedural history as true, her cost bond
was due thirty days after the severance order was signed, i.e., by May 8.


 See Tex. R. App. P.
5(a), 41(a)(1). She had an additional fifteen days to file a motion for an extension of time to file
a cost bond. See id. 41(a)(2). To be timely, then, Camp must have filed a cost bond and a motion
for an extension of time by May 22 or 23 at the latest.


 See id. We do not have the authority to
grant an untimely motion for an extension of time to file a cost bond. See id.; Ludwig v. Enserch
Corp., 845 S.W.2d 338, 339-40 (Tex. App.—Houston [1st Dist.] 1992, no writ); El Paso Sharky's
v. Amparan, 831 S.W.2d 3, 4-5 (Tex. App.—El Paso 1992, writ denied). Therefore, because the
motion for an extension of time was filed over thirty days after it was due, we cannot grant this
motion.
      Perfecting an appeal is a requirement to invoke our jurisdiction. See Welch v. McDougal, 876
S.W.2d 218, 220-21 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's, 831 S.W.2d
at 5. Absent a timely filed cost bond or substitute, an appeal is not perfected and we do not have
jurisdiction to consider it. See id.; Ludwig, 845 S.W.2d at 339-40. Thus, accepting the facts
recited in Camp's motion as true, we do not have jurisdiction over this appeal. See id.
      The motion for extension of time and this cause are dismissed for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed July 19, 1995
Do not publish