John **VERBURGT**, Individually and as next Friend of, Thomas Verburgt, Timothy Verburgt, and Joseph Verburgt, Appellant,

v.

Patricia M. **DORNER** and Methodist Mission Home, Appellees.

No. 04–95–00908–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1996.

Rehearing Overruled Sept. 10, 1996.

Jaay D. Neal, Smith, Neal & Karam, San Antonio, for appellant.

MaryAnn "George" Bailey, Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, Steven Best, Steven D. Naumann, Laurence E. Best, Best, Koeppel, P.C., Houston, for appellee.

## ON MOTION FOR REHEARING *EN BANC* OPINION ON ORDER DISMISSING APPEAL

GREEN, Justice.

The motions for *en banc* reconsideration of appellees' motions to dismiss are granted. The opinion issued March 20, 1996 is withdrawn and the following is substituted.

The sole question before us is whether appellant has invoked our jurisdiction. We conclude that he has not.

The judgment below was signed on October 10, 1995. No motion for new trial was filed; therefore, appellant's cost bond was due to be filed November 9, 1995. The cost bond was not filed, however, until November 13, 1995. No motion for extension of time was filed within fifteen days of the due date. *See* TEX.R.APP. P. 41(a)(2). Consequently, on December 21, 1995, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response to our show cause order, appellant argued that the cost bond was not actually due until November 10, 1995, which was a legal holiday falling on a Friday, thus extending the due date until Monday, November 13, 1995. *See* TEX.R.APP. P. 5(a); TEX. GOV'T CODE ANN. §§ 662.003, 662.021 (Vernon 1994).[1] Appellant explained his method of calculation of the cost bond deadline as follows: By rule, the day the judgment is signed is not to be counted when computing time periods. *See* TEX.R.APP. P. 5(a). Therefore, moving to the next day, appellant determined that October 11 was the 284th day of 1995. To that number, appellant added thirty days to arrive at the due date for the cost bond—the 314th day of 1995, or November 10, 1995.

Implicitly, Rule 5(a) requires that the day after the judgment be *included* as the first day when computing the appellate timetable. But it is evident that appellant's method of calculation effectively *excluded* the first day after the event, resulting in appellant's arriving at an erroneous, and late, due date.

Appellant's cost bond, although late, was filed well within the fifteen-day extension period allowed by TEX.R.APP. P. 41(a)(2). Clearly, had a motion for extension of time been filed during this period, we would not be addressing this question. And quite obviously, had appellant known his cost bond was late he no doubt would have timely filed a motion for extension of time.

We are, therefore, confronted with the question of whether the appellate rules condone a result that allows a litigant who knows he is late with his bond to save his appeal, but rejects the appeal of the litigant who erroneously, but in good faith, believes he has timely filed his bond and, thus satisfied, also believes he has no need to file for an extension of time. The patent unfairness of such a result is striking and seems to be counter to the basic purpose underlying the

1. Appellant filed a supplemental transcript containing an order from the Bexar County Commissioner's Court designating November 10, 1995, as a county holiday.

procedural rules.[2] But balanced against this apparent unfairness is the requirement in the law that there be finality to judgments. Finality is achieved by the setting of arbitrary deadlines in the rules. And sometimes, as shown in this case, the effect of strict application of the appellate deadlines is unavoidably harsh.

We recognize that the rules favor a policy of addressing cases on their merits rather than disposition based on procedural deadfalls. And to that end, some courts have invoked equitable principles in order to reach the merits of cases that would otherwise face dismissal. In *Sanchez v. State*, 885 S.W.2d 444, 446 (Tex.App.—Corpus Christi 1994, no pet.), the court, applying Rule 83,[3] held that the late filing of a notice of appeal within the fifteen-day grace period without a motion for an extension of time was a procedural irregularity that could be corrected; a motion for extension of time was therefore "necessarily implie[d]."[4] *Id.* at 445; *see* TEX.R.APP. P. 83 (No Affirmance, Reversal or Dismissal for Want of Form or Substance); *see also Boulos v. State*, 775 S.W.2d 8 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (jurisdiction retained where notice of appeal filed on fifteenth day after due date, but without a motion for extension of time); *Jiles v. State*, 751 S.W.2d 620, 621 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (jurisdiction accepted under Rules 2(b) and 83).

But when facing the identical question as here, the court of criminal appeals took a more restrictive approach. In *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App.1996), the court held that "[w]hen a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." 918 S.W.2d at 522. This holding, that the failure to file a timely motion for extension of time is a jurisdictional defect that cannot be cured, is the prevailing view of a majority of courts, including this one. *See Jones v. State*, 900 S.W.2d 421 (Tex.App.—Texarkana 1995, no pet.); *Olivo v. State*, 894 S.W.2d 58 (Tex. App.—San Antonio 1994), *affirmed*, 918 S.W.2d 519 (Tex.Crim.App.1996); *Ludwig v. Enserch Corp.*, 845 S.W.2d 338 (Tex.App.— Houston [1st Dist.] 1992, no writ);[5] *El Paso Sharky's Billiard Parlor, Inc. v. Amparan*, 831 S.W.2d 3 (Tex.App.—El Paso 1992, writ denied).

 And while the supreme court has liberally construed the rules regarding the instruments necessary to confer jurisdiction, we do not discern a retreat in that court from the fundamental requirement that in order to invoke the jurisdiction of the court of appeals, some instrument, whether or not it is the correct instrument, must be timely filed. *See Linwood v. NCNB Texas*, 885 S.W.2d 102 (Tex.1994) (per curiam) (timely filed notice of appeal, although the wrong instrument, was sufficient to confer jurisdiction); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam) (timely filed notice of

---

2. "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction." TEX.R. CIV. P. 1.

3. "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either in form or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel." TEX.R.APP. P. 83.

4. "The rules of appellate procedure, as embodied by rule 83 and rule 2(b), favor a policy of having the Texas courts of appeals address cases on their merits, rather than allowing the courts to close their doors to appellants who, through no fault of their own, fail to find their way successfully through the labyrinth of procedure." *Sanchez v. State*, 885 S.W.2d 444, 446 (Tex.App.— Corpus Christi 1994, no pet.) (Yanez, J.).

5. This case is in apparent conflict with a previous panel opinion from the same court. *See Boulos v. State*, 775 S.W.2d 8 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). But *Boulos* is not cited in the opinion.

appeal, instead of a cost bond, was sufficient to confer jurisdiction).[6]

We are, therefore, persuaded that the jurisdictional principles confirmed in *Olivo* for criminal cases also apply in the civil context. Accordingly, we hold that in civil cases, an instrument intended to perfect appeal must be timely filed in order to invoke the jurisdiction of the court of appeals.

■ As applied to this case, in the absence of a timely filed cost bond, this court lacks jurisdiction to act unless the appellant filed a motion for extension of time within the fifteen day grace period. Because the motion for extension of time was not timely filed—indeed, it was not filed at all—this court is without jurisdiction to consider the merits of the appeal.

The appeal is dismissed.

DUNCAN, Justice, dissenting.

Because I disagree with the majority's approach to the rules—and the dismissal to which it inevitably leads—I must respectfully dissent.

### DISCUSSION

In my view, the Verburgts' failure to file a motion to extend the time for perfecting their appeal is plainly a defect or irregularity in appellate procedure. Accordingly, I start from the premise that this court may not dismiss the Verburgts' appeal without first providing them with an opportunity to correct the defect, *i.e.*, notice that the appeal will be dismissed unless they file a motion to extend within a specified, reasonable period of time. *See* TEX.R.APP. P. 83.[1] The majority effectively holds, however, that it cannot comply with Rule 83 [2] because Rule 41(a)(2)'s requirement of a motion to extend within fifteen days of the due date is jurisdictional. In so doing, the majority runs afoul of not only Rule 83 but also Rule 2(a), which provides that the rules "shall not be construed to ... limit the jurisdiction of the courts of appeals...."

The flaw in the majority's analysis—and its disregard of not only Rule 83 but also Rule 2—arises out of its initial characterization of the issue as "whether the appellate rules condone a [patently unfair] result." By phrasing the issue in this manner, the majority presumes that a patently unfair result must obtain unless a rule or supreme court opinion precludes it. Finding no such authority, the majority concludes that the rules must condone the patently unfair result it reaches. But the majority's presumption rests upon an approach to the rules that has been repeatedly rejected by the supreme court. The correct approach rests upon the opposite presumption, *i.e.*, the issue is not whether the rules *condone* a patently unfair result but whether they *require* it. The correct presumption has perhaps been most eloquently and succinctly stated by one of the original drafters of the rules, Chief Justice Alexander:

> The object of the new rules is 'to obtain a just, fair, equitable and impartial adjudication of the rights of litigants', Rule 1, and where this can be done without doing violence to the rules or injustice to the rights of the parties, it is the duty of the court do so....

*Smirl v. Globe Laboratories*, 144 Tex. 41, 188 S.W.2d 676, 678 (Tex.1945) (quoting TEX.R. CIV. P. 1). Applying the correct presumption in this case yields retention, not dismissal.

---

**6.** "A court of appeals has jurisdiction over any appeal where the appellant files an instrument that 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam) (citing *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989)).

**1.** As explained more fully in the text below, in light of the court of criminal appeals' recent decision in *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim.App.1996), I feel duty bound not to cite criminal cases in support of this approach.

Nonetheless, credit (and my appreciation) are due its creator, Justice Cohen of the First Court of Appeals, and one of its more articulate spokespersons, Justice Yanez of the Thirteenth Court of Appeals. *See Sanchez v. State*, 885 S.W.2d 444 (Tex.App.—Corpus Christi 1994, no pet.); *Boulos v. State*, 775 S.W.2d 8 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); *Jiles v. State*, 751 S.W.2d 620 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

**2.** All rule references are to the Texas Rules of Appellate Procedure unless otherwise noted.

Rule 41(a)(2) provides that this court may permit late filing of an appeal bond if the bond and a motion reasonably explaining the need for an extension are filed within fifteen days of the date the bond was initially due. Nothing in Rule 41(a)(2) or any other rule states that we may not permit late filing of a bond when the bond is filed within the fifteen-day period but, because the appellant believes the bond to have been timely filed, no motion to extend is filed. To the contrary, retention of the appeal appears mandated by Rules 2 and 83.

Retention of the appeal is also suggested by dicta in many recent supreme court opinions. As repeatedly stated by the supreme court, its "policy [is] that 'the decisions of the courts of appeals [should] turn on substance rather than procedural technicality.'" *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992) (per curiam) (quoting *Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121, 121 (Tex.1991) (per curiam)). Accordingly, the court has mandated that we "construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993) (per curiam).

From these policies emanates the general rule quoted—but then disregarded—by the majority: "The court of appeals [ ] has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction." *E.g., Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994) (per curiam); *City of San Antonio,* 828 S.W.2d at 418; *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) (per curiam); *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex.1989) (all holding that incorrect perfecting instrument was "bona fide attempt to invoke appellate court jurisdiction"). The record in this case conclusively establishes that the Verburgts filed their cost bond in a bona fide attempt to invoke this court's jurisdiction. The majority, however, distinguishes *Linwood* and *Grand Prairie* because the appellants there involved filed their perfecting instruments within the period provided by Rule 41(a)(1). I believe this distinction to be invalid.

The supreme court has not restricted its policy of liberal interpretation to incorrect perfecting instruments, as the majority suggests. To the contrary, the court's liberal construction decisions transcend any particular rule or rules and appear targeted at an apparent proclivity for dismissing for want of jurisdiction. *See, e.g., Smith v. McCorkle,* 895 S.W.2d 692, 692 (Tex.1995) (per curiam) (unsworn declaration substantially complied with statute and perfected appeal); *Maxfield v. Terry,* 888 S.W.2d 809, 811 (Tex.1994) (per curiam) (cash deposit filed in one cause number was "bona fide attempt to invoke appellate court's jurisdiction" over order in related but different cause number); *Uptmore v. Fourth Court of Appeals,* 878 S.W.2d 601, 601 (Tex.1994) (per curiam) (electronic statement of facts filed within the time prescribed by Rule 54 was timely even though untimely under Rule 4 of supreme court's order governing electronic records and no motion for extension of time filed); *Blankenship v. Robins,* 878 S.W.2d 138, 139 (Tex.1994) (per curiam) (motion for new trial and appeal bond filed in severed cause number perfected appeal filed in original cause number); *Jamar,* 868 S.W.2d at 319 (motion for new trial conditionally filed when tendered and completed when filing fee paid); *In the Matter of V.C.,* 829 S.W.2d 772, 773 (Tex.1992) (per curiam) (Martin Luther King, Jr. was "legal holiday" within the meaning of Rule 5(a) because courthouse closed by order of commissioner's court even though not statutorily-designated holiday); *Miller Brewing Co. v. Villarreal,* 829 S.W.2d 770, 772 (Tex.1992) (per curiam) (Good Friday was "legal holiday" within the meaning of Rule 4, Tex.R. Civ. P., because courthouse closed by order of commissioner's court even though not statutorily-designated holiday); *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 669–70 (Tex.1989) (counsel's misunderstanding of the law constituted "reasonable explanation" of late filing of appeal bond because it "qualifies as inadvertence, mistake or mischance" and "conduct short of deliberate or intentional noncompliance"). Some of these same cases might have been decided by the failure to file a timely motion

to extend or amend, but in none of them did the supreme court hold that the failure to file such a motion was jurisdictionally fatal. *See Maxfield*, 888 S.W.2d at 811; *Uptmore*, 878 S.W.2d at 601.

The import of these supreme court decisions is clear and unmistakable. But the majority ignores the trend in the supreme court in favor of the court of criminal appeals' decision in *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App.1996). *Olivo*, however, is of little or no effect in this civil case, particularly in light of the court of criminal appeals' recent, express rejection of the supreme court's liberal construction policy. *Compare, e.g., Miller Brewing Co.*, 829 S.W.2d at 772 (any day courthouse closed is "legal holiday") *with Mendez v. State*, 914 S.W.2d 579, 580 (Tex.Crim.App.1996) (expressly rejecting *Miller Brewing Co.*).

### CONCLUSION

The supreme court has mandated that we "construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Jamar*, 868 S.W.2d at 319. It is certainly possible—if not mandated by Rules 2 and 83—that we not construe the requirement of a motion to extend within the fifteen-day grace period in Rule 41(a)(2) as jurisdictional. I would follow that course, construe the Verburgts' response to our show cause order as a motion to extend,[3] and retain their appeal on this court's docket.

---

3. *See Guillen v. DeLeon*, 887 S.W.2d 503, 504 (Tex.App.—San Antonio 1994, motion denied) (construing district clerk's affidavit as motion for extension of time).