Altschul, Ex parte 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-272-CV


EX PARTE TODD W. ALTSCHUL


From the 54th District Court
McLennan County, Texas
Trial Court # 96-2212-2
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Todd Altschul, an inmate, attempts to appeal from the court's dismissal of his in forma
pauperis petition for an expungement of several criminal records. Tex. Civ. Prac. & Rem. Code
Ann. §§ 14.001-.009 (Vernon Supp. 1997). Because Altschul failed to perfect his appeal, we will
dismiss for want of jurisdiction.
      The court signed an order dismissing Altschul's suit on October 15, 1996. Altschul filed a
notice of appeal on October 29. The transcript was filed in this court on December 9. Upon
examining the transcript, we determined that Altschul had not duly perfected his appeal. In a letter
dated December 9, 1996, we notified him of this defect and gave him 15 days in which to amend
the record. Tex. R. App. P. 40(a)(1), 56(a).
      Perfection of an appeal is required to invoke our jurisdiction. Welch v. McDougal, 876
S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's v. Amparan, 831
S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). Because Altschul is not exempt from
paying the costs on appeal, he is required to file either a cost bond, a cash deposit, or an affidavit
of inability to pay costs to perfect this appeal. Tex. Civ. Prac. & Rem. Code Ann. §§ 6.01-6.03
(Vernon 1986 & Supp. 1997); Tex. R. App. P. 40(a)(1), (a)(3); White v. Schiwetz, 793 S.W.2d
278, 279 (Tex. App.—Corpus Christi 1990, no writ). His notice of appeal is insufficient to
perfect the appeal. Id.
      However, because his notice of appeal is a bona fide effort to invoke our jurisdiction, we have
jurisdiction to allow him the opportunity to properly perfect his appeal. Linwood v. NCNB Texas,
885 S.W.2d 102, 103 (Tex. 1994). On December 28, Altschul mailed to the district clerk an
"Affidavit of Inability to Pay Cost[s]." The letter was in response to our letter of December 9
notifying Altschul that he had not properly perfected his appeal.
      Altschul's letter, however, was untimely. In our December 9 letter, we allowed him fifteen
days to amend the record. He did not mail his "Affidavit of Inability to Pay Cost[s]" to the district
clerk until December 28, nineteen days after our letter was sent.


 See Tex. R. Civ. P. 5.
      Rule of Appellate Procedure 41(a)(2) permits a court of appeals to grant an extension of
fifteen days for the late filing of a perfection instrument. Tex. R. App. P. 41(a)(2). Altschul,
however, has not requested an extension; therefore, he has failed to timely perfect his appeal. See
Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex. App.—Houston [1st Dist.] 1992, no
writ).
      We notified Altschul that the transcript did not demonstrate that his appeal had been duly
perfected. Tex. R. App. P. 56(a), 60(a)(2). Even though given the opportunity to cure the defect,
he has failed to properly perfect this appeal. Id. 40(a)(1), 83. Thus, the transcript does not show
that this court has jurisdiction and "after notice it [has] not [been] amended." Id. 56(a).
      Therefore, we dismiss this cause for want of jurisdiction. Id.
                                                                               PER CURIAM

Before Chief Justice Davis
         Justice Cummings and
         Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed January 15, 1997
Do not publish