volpe 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00718-CV

Joseph Volpe, Appellant

v.

D. R. Horton, Inc., d/b/a D. R. Horton Custom Homes, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 96-03914, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

PER CURIAM

 Joseph Volpe ("Volpe") attempts to appeal from an order of summary judgment signed on
August 29, 1996. Volpe timely filed a motion for new trial on September 26, 1996. Consequently, the
perfecting instrument was due on November 27, 1996, ninety days from the date of judgment. See Tex.
R. App. P. 41(a)(1). 

 Volpe filed an appeal bond in trial court cause number 96-03914 on December 9, 1996,
twelve days late. The Texas Rules of Appellate Procedure provide for the late filing of an appeal bond in
certain circumstances.

 An extension of time may be granted by the appellate court for late filing of a cost
bond or notice of appeal or making the deposit required by paragraph (a)(1) or for filing
the affidavit, if such bond or notice of appeal is filed, deposit is made, or affidavit is not
later than fifteen days after the last day allowed and, within the same period, a motion
is filed in the appellate court reasonably explaining the need for such extension. 

Tex. R. App. P. 41(a)(2) (emphasis added). Although Volpe filed the bond within the fifteen-day grace
period, rule 41(a)(2) specifically requires that the perfecting instrument and the motion for an extension of
time to file must be filed within the grace period. See Pierson v. Josef Mfg., Inc., 665 S.W.2d 193 (Tex.
App.--Dallas 1984, no writ). Volpe did not file a motion for extension of time to file the bond until January
8, 1997, twenty-seven days beyond the grace period which ended on December 12, 1996. Volpe's
motion was untimely and does not serve to extend the time to perfect appeal in this Court. 

 Absent a timely filing of the appeal bond, this cause must be dismissed for want of
jurisdiction. See Tex. R. App. P. 40(a)(1); Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex.
App.--Houston [1st Dist.] 1992, no writ), citing Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)
(no jurisdiction to consider appeal when cost bond is not timely filed and motion to extend filing period has
not been filed within the 15-day grace period). Moreover, the time limits for filing of bonds on appeal
cannot be dispensed with or enlarged for any reason. These restrictions are mandatory and jurisdictional. 
Young v. Kilroy Oil Co. of Texas, Inc., 673 S.W.2d 236, 242 (Tex. App.--Houston [1st Dist.] 1984,
writ ref'd n.r.e.). 

 Accordingly, Volpe's amended motion to extend the time for filing the appeal bond in this
cause is overruled. Appellee's motion to dismiss this appeal for want of jurisdiction is granted, and this
appeal is dismissed for want of jurisdiction. Further, all other motions pending in this cause are hereby
dismissed.

Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: February 6, 1997

Do Not Publish