## Heralio FLORES and Marco Antonio Flores, Appellants,

v.

## CITIZENS STATE BANK OF ROMA, TEXAS, Martin A. Canales, Jr., David L. Garza, Carlos Garza, Aldo Medina, and Dario Omar Garza, Appellees.

### No. 04–97–00394–CV.

Court of Appeals of Texas, San Antonio.

July 23, 1997.

Rehearing Overruled Sept. 3, 1997.

Before HARDBERGER, C.J., and LOPEZ and DUNCAN, JJ.

## OPINION

PER CURIAM.

Heralio Flores and Marco Antonio Flores (collectively "Flores") have asked this court to direct the trial court clerk to file the transcript in this appeal. Two of the named appellees, Citizens State Bank and Martin Canales (collectively "the Bank"), have re-sponded to Flores's motion and moved to

dismiss Flores's appeal because it was not timely perfected. Flores opposes the Bank's motion to dismiss and asks that we instead strike the motion. Because the uncontroverted facts established by the parties' motions and affidavits conclusively demonstrate Flores did not timely perfect this appeal, we grant the Bank's motion and dismiss Flores's appeal for lack of jurisdiction. Necessarily, therefore, we also dismiss Flores's motions.

## PROCEDURAL BACKGROUND

On October 8, 1996, the trial court signed an order dismissing Flores's petition for a bill of review.[1] Thereafter, on October 28, 1996, Flores timely filed a motion for new trial.[2] However, Flores did not file a notice of appeal until March 3, 1997,[3] and he did not file an affidavit of inability to pay court costs until March 4, 1997.[4]

## DISCUSSION

The Bank argues Flores's appeal should be dismissed because Flores did not file a perfecting instrument within ninety days of the date the trial court signed the dismissal order, as required by Rule 41(a)(1) of the Texas Rules of Appellate Procedure. We agree.

If a timely motion for new trial is filed, the appellant must file either "a document in a bona fide attempt to invoke the appellate court's jurisdiction" within ninety days of the date the trial court signed the order or judgment to be appealed or a motion to extend this time period within fifteen days of the date the perfecting instrument was due. TEX.R.APP. P. 41(a)(1)–(2); *e.g., Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991). In this case, however, the parties' motions and affidavits, as well as the certified copies of the dismissal order and the affidavit of inability, establish that Flores did not file any document within either the ninety days prescribed by Rule 41(a)(1) or the fifteen-day window established by Rule 41(a)(2).[5] In fact, Flores has not at any time or in any way provided this court with any explanation for his failure to file a perfecting instrument within the time periods specified by the rules. *Compare Verburgt v. Dorner,* 928 S.W.2d 654 (Tex.App.—San Antonio 1996, writ granted) (en banc). Accordingly, Flores did not timely perfect this appeal.

## CONCLUSION

Because Flores did not timely perfect this appeal, this court is without jurisdiction to consider it. Therefore, the Bank's motion to dismiss is granted, and Flores's appeal, as well as his motions, are dismissed for lack of jurisdiction.

1. This fact is established by the Bank's verified motion to dismiss, as well as the attached certified copy of the dismissal order, and it is confirmed by Flores in his unverified motion to strike the Bank's motion to dismiss.

2. This fact is established by the Bank's verified motion to dismiss, and it is confirmed by Flores in his unverified motion to strike the Bank's motion to dismiss.

3. This fact is established by the affidavit attached to Flores's motion requesting that we order the trial court clerk to prepare and file the transcript.

4. This fact is established by the Bank's verified motion to dismiss, as well as the attached certified copy of the affidavit of inability, and it is confirmed by Flores in the affidavit attached to his motion requesting that we order the trial court clerk to prepare and file the transcript and Flores's unverified motion to strike the Bank's motion to dismiss.

5. *See* TEX. GOV'T CODE ANN. § 22.220(c) (Vernon 1988) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); TEX.R.APP. P. 19(d) ("Motions dependent on facts not apparent in the record and not ex officio known to the court must be supported by affidavits or other satisfactory evidence."); *see also Glass v. Sponsel,* 916 S.W.2d 25, 26 (Tex.App.—Houston [1st Dist] 1995, no writ) (in ruling on motion to dismiss, court authorized to consider certified copies of documents filed in trial court); *Jones v. Griege,* 803 S.W.2d 486, 488 (Tex.App.—Dallas 1991, no writ) (in determining jurisdiction to consider interlocutory order, court authorized to consider attorney's statements in letter to court); *Moore v. Davis,* 644 S.W.2d 40, 43 (Tex.App.—Dallas 1982, no writ) (in considering motion for extension, court authorized to consider uncontroverted facts established by attorney's statements in sworn response).