Ex parte Gary Chollett















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-247-CR

     EX PARTE GARY CHOLLETT,
                                                                              Appellant
                                        

From the 54th District Court
McLennan County, Texas
Trial Court # 96-359-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Gary Chollett pled guilty to the offense of aggravated assault with a deadly weapon. See Tex.
Pen. Code Ann. §22.02 (Vernon Supp. 1998). On March 11, 1997, the trial court sentenced
Chollett to 10 years’ confinement in the Department of Criminal Justice. On April 4, Chollett
filed a motion for permission to appeal pursuant to Article 44.02 of the Texas Code of Criminal
Procedure which was denied on the same day. On September 2, 1999, Chollett filed a motion for
out-of-time appeal in this court. The State has filed a cross-motion seeking dismissal of Chollett’s
motion on grounds that this court lacks jurisdiction to grant an out-of-time appeal that was filed
more than 15 days after the end of the period in which to file a notice of appeal. 
      The jurisdiction of the courts of appeals may only be invoked by a timely filed notice of
appeal. Tex. R. App. P. 26.2; Broadnax v. State, 900 S.W.2d 452 (Tex. App.—Texarkana 1995,
pet. ref’d.). The record indicates that a notice of appeal was never filed in this case. Rule 26.3
of the Rules of Appellate Procedure provides that an extension of time within which to file a notice
of appeal may be granted by a court of appeals if the notice was filed within fifteen days after the
last day allowed and within the same fifteen-day period a motion was filed in the court of appeals
reasonably explaining the need for such extension. Tex. R. App. P. 26.3. Compliance with these
provisions is jurisdictional. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
Neither of these requirements was met in this case.
      Chollett’s motion is dismissed for want of jurisdiction. Rodarte v. State, 860 S.W.2d 108,
110 (Tex. Crim. App.1993).
                                                                                     PER CURIAM

Before Justice Vance,
      Justice Gray, and
      Justice Campbell (sitting by assignment) 
Opinion delivered and filed September 29, 1999
Dismissed for want of jurisdiction
Do not publish