# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00678-CV

**Erik Leonard, Appellant**

**v.**

**Greg Abbott, Attorney General of Texas; The Harris County-Houston Sports Authority; Harris County; and the City of Houston, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN201013, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

On September 26, 2002, appellant Erik Leonard filed his notice of appeal from the district court=s dismissal of his lawsuit for lack of subject matter jurisdiction. The district court signed the order dismissing his suit in open court on June 6, 2002, at the conclusion of a hearing at which he and appellees were present and presented argument. Among the motions Leonard filed following the dismissal were a motion for new hearing filed on July 10 and a motion to reinstate filed on August 12. On November 18, appellees[1] filed in this Court a motion to dismiss the appeal for lack of jurisdiction, arguing that Leonard=s notice of appeal was not timely filed, and a motion for an anti-suit injunction that would require Leonard to obtain this Court=s approval before filing any further lawsuits against appellees. Leonard has not responded

---

[1] This appeal was originally filed in the name of the previous attorney general of Texas. We have substituted the current attorney general of Texas.

to appellees= motions.  We will grant appellees= motion to dismiss and overrule their motion for an anti-suit injunction.

Unless a motion for new trial is timely filed, a trial court has plenary power to grant a new trial or vacate, modify, correct, or reform its judgment for thirty days after the judgment is signed.  Tex. R. Civ. P. 329b(d).  If a motion for new trial is timely filed, the court=s plenary power extends for thirty days after all such motions are overruled.  *Id.* 329b(e).  Timetables related to a trial court=s plenary powers begin on the date the judgment or order is signed, and the clerk of the court Ashall immediately give notice to the parties or their attorney of record by first class mail advising that the judgment or order was signed.@  *Id.* 306a(1), (3).  If a party neither receives such notice nor Aacquire[s] actual knowledge@ within twenty days of the judgment=s signing, the timetables begin on the earlier of (1) the day he receives notice or acquires actual knowledge or (2) ninety days after the judgment is signed.  *Id.* 306a(4).

A party must file his notice of appeal within thirty days after the trial court=s judgment is signed unless any party timely files (1) a motion for new trial, (2) a motion to modify the judgment, (3) a motion to reinstate under Rule 165a of the Rules of Civil Procedure,[2] or (4) a proper request for findings of fact and conclusions of law, in which case the notice of appeal must be filed within ninety days of the signing of the judgment.  Tex. R. App. P. 26.1(a).

---

[2] Rule 165a governs dismissal for want of prosecution and allows a party to move to reinstate a cause so dismissed within thirty days of the dismissal or the time period provided by Rule 306a.  Tex. R. Civ. P. 165a(3).  Leonard filed a motion to reinstate, but, as discussed, *supra*, it was not timely filed. Further, his cause was dismissed for lack of subject matter jurisdiction, not for want of prosecution, and therefore the motion did not extend his appellate timetable under Rule 165a.

Leonard contends that he did not have actual knowledge of the dismissal until July 11,[3] and thus his appellate timetables did not begin to run until that date. However, at the hearing on Leonard=s motion to reinstate, the trial court stated that it had Aa very vivid memory of signing the order [dismissing the cause for lack of subject matter jurisdiction] in front of Mr. Leonard,@ and found that Leonard had actual notice as of June 6. Therefore, Leonard=s notice of appeal or motions serving to extend his appellate timetable were due on July 6; July 6 fell on a Saturday, thus extending the deadline to the following Monday, July 8. *See* Tex. R. Civ. P. 4. It appears that none of Leonard=s motions was timely filed; Leonard=s motion for a new hearing was untimely filed on July 10 and did not extend his time to file his notice of appeal. Leonard=s notice of appeal was not filed until September 26, more than two months after it was due and more than twenty days after it would have been due even if Leonard *had* timely filed a motion that extended his appellate timetables.[4]

Leonard did not timely perfect his appeal and we are therefore without jurisdiction to consider it. *See Flores v. Citizens State Bank*, 954 S.W.2d 78, 79 (Tex. App.CSan Antonio 1997, no writ). We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

---

[3] It is unclear how Leonard knew to file a motion for a new hearing on July 10 when he claims to not have acquired actual knowledge of the dismissal until July 11.

[4] An appellate court may extend the time to file a notice of appeal if, *within fifteen days* after the deadline, the party files a motion for an extension of time in the appellate court. Tex. R. App. P. 10.5(b), 26.3. Leonard did not file his notice of appeal within fifteen days after it was due, nor did he file a motion for extension of time.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed:   December 12, 2002

Do Not Publish