COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JAMES
 RICHARD SHANNON,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00391-CR
  
 Appeal from the
  
 106th District Court
  
 of Gaines County, Texas
  
 (TC# 02-3236)
 
 




MEMORANDUM
OPINION

According to documents on file with
this Court, James Richard Shannon was sentenced on December 12, 2002.  On January 28, 2003, he filed in the trial
court both a notice of appeal and a motion for extension of time to file the
notice of appeal.








Shannon=s notice of appeal was due on January
13, 2003.  See Tex. R. App. P. 26.2(a)(1).  Therefore, the notice of appeal filed on
January 28, 2003 was untimely.  We may
grant an extension of time to file the notice of appeal if the notice is filed in the trial court within fifteen days after the last day
allowed and, within the same period, a motion for extension of time is filed in
this Court.  Tex. R. App. P. 26.3; Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). 
Although Shannon filed his notice of appeal and the motion for
extension of time within the fifteen-day grace period, he filed the motion for
extension of time in the wrong court. 
Accordingly, we lack jurisdiction over the appeal.  See Olivo, 918 S.W.2d at 522; Jones
v. State, 900 S.W.2d 421, 423 (Tex. App.--Texarkana 1995, no pet.).

Shannon has filed a motion to invoke
jurisdiction, arguing that the trial court failed to forward his notice of appeal
and motion for extension of time to this Court in a timely fashion.  He asserts that if the trial court had timely
notified him of his error or forwarded his documents to this Court, he could
have corrected the error.  He argues that
as a pro se appellant he should not be penalized for his ignorance.  These arguments do not establish that we have
jurisdiction over this appeal.  The
proper remedy to obtain an out-of-time appeal is to file a petition for writ of
habeas corpus returnable to the Court of Criminal Appeals.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003).

This appeal and Shannon=s motion to invoke jurisdiction are
dismissed.

 

SUSAN
LARSEN, Justice

October 2, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)