Mario MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00478–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 6, 1997.

Jacquelyn L. Snyder, San Antonio, for Appellant.

Steven C. Hilbig, Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and GREEN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

We previously dismissed Mario Moreno's appeal from a murder conviction and do so again, despite his success in obtaining an out-of-time appeal from the Court of Criminal Appeals. After we dismissed Moreno's last appeal for failure to timely perfect,[1] he filed a post-conviction writ of habeas corpus, contending his right to appeal was denied by ineffective assistance of counsel. *See* TEX. CODE CRIM. P. ANN. art. 11.07 (Vernon Supp. 1997). The Court of Criminal Appeals granted relief, stating that all appellate deadlines were to be calculated from the date of its mandate and that Moreno must give notice of appeal within thirty days of that date.[2]

The mandate of the Court of Criminal Appeals issued on April 25. Moreno's notice of appeal was due to be filed in the trial court by May 26, but it was not filed until June 18. A motion for extension of time to file the notice of appeal was due to be filed in this court on June 10, *see* TEX.R.APP. P 41(b)(2), but no such motion was filed. Instead, on June 18, Moreno filed a motion for extension of time in the trial court, which, on the following day, was granted to an unspecified date.[3]

Moreno contends we have "authority to decide whether the trial court had jurisdiction to grant" an extension of time to file his notice of appeal. To support this contention, Moreno cites *State v. Adams,* 930 S.W.2d 88, 91 (Tex.Crim.App.1996), and *Cox v. State,* 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.). These opinions address the trial court's jurisdiction to hear out-of-time motions for new trial; they do not address the trial court's jurisdiction to grant an

---

1. *Moreno v. State,* No. 04–96–00708–CR, slip op. at 2, 1996 WL 591914 (Tex.App.—San Antonio, Oct.9, 1996, no pet.) (not designated for publication).

2. *Ex parte Moreno,* No. 72,740, slip op. at 1–2 (Tex.Crim.App., April 9, 1997) (not designated for publication).

3. While Moreno complains he did not receive prompt notice of the mandate, he did not seek relief in the Court of Criminal Appeals. See Ex parte Coleman, 599 S.W.2d 305, 309 (Tex.Crim. App.1978) (Clinton, J., dissenting) (court's mandate recalled because it was issued when petitioner lacked counsel).

extension of time to file a notice of appeal. *See generally Burnett v. State*, 1997 WL 269517, —— S.W.2d —— (Tex.App.—Houston [1st Dist.], May 22, 1997, no pet. h.) (designated for publication).

By granting Moreno habeas corpus relief, the Court of Criminal Appeals returned him "to the point at which he *can* give notice of appeal." *Ex parte Daigle*, 848 S.W.2d 691, 692 (Tex.Crim.App.1993) (emphasis added). Thus, the notice of appeal was due to be filed in the trial court, TEX. R.APP. P. 40(b)(1), while the motion for extension of time was due to be filed in the court of appeals. TEX. R.APP. P. 41(b)(2). The trial court in this case, therefore, lacked jurisdiction to grant Moreno's motion for extension of time, even if it were timely filed. Because Moreno's notice of appeal was untimely, we dismiss his out-of-time appeal for lack of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim.App.1996); *Shute v. State*, 744 S.W.2d 96, 97 (Tex.Crim.App.1988). Moreno's motion to extend time to file the record, previously held in abeyance, is also dismissed for lack of jurisdiction.