11th Court of Appeals
Eastland, Texas
Opinion
 
Joel Carrera
            Appellant
Vs.              Nos. 11-04-00210-CR, 11-04-00211-CR, 11-04-00212-CR, & 11-04-00213-CR -- 
Appeals from Midland County
State of Texas
            Appellee
 
            The jury found Joel Carrera guilty in all four causes of the offense of delivery of cocaine. 
The trial court assessed appellant’s punishment in Cause Nos. 11-04-00210-CR and 11-04-00211-CR at confinement for 2 years in a state jail facility. In Cause Nos. 11-04-00212-CR and 11-04-00213-CR, the trial court assessed appellant’s punishment at confinement for 10 years in the
Institutional Division of the Texas Department of Criminal Justice, but the court suspended the 10-year sentence and placed appellant on community supervision for 10 years. We dismiss the appeals. 
            The sentence in each case was imposed on July 19, 2004. Appellant filed untimely motions
for new trial on August 23, 2004. The notices of appeal were filed in the trial court on August 23,
2004. The notices of appeal were 5 days late and, therefore, were not timely pursuant to
TEX.R.APP.P. 26.2. In the trial court in each case, appellant also filed a request for permission to
appeal, noting that his notices of appeal were not timely. Appellant did not timely file any such
request for an extension in the court of appeals. See TEX.R.APP.P. 26.3. When this court received
the clerk’s records on November 12, 2004, we notified the parties that the notices of appeal appeared
to be untimely and requested that appellant respond within 15 days of our letter and provide this
court with a reasonable explanation for the late filing of the notices of appeal. In our letter, we
notified appellant that the appeal would be dismissed for want of jurisdiction. See TEX.R.APP.P.
25.2(b). Appellant’s counsel responded and explained that appellant had originally informed counsel
that he did not desire to appeal and that appellant belatedly notified counsel that he had changed his
mind. 
            Without timely notices of appeal, we do not have jurisdiction to entertain the appeals. Slaton
v. State, 981 S.W.2d 208 (Tex.Cr.App.1998); Olivo v. State, 918 S.W.2d 519 (Tex.Cr.App.1996);
Rodarte v. State, 860 S.W.2d 108 (Tex.Cr.App.1993); Shute v. State, 744 S.W.2d 96 (Tex.
Cr.App.1988). The requests for permission to appeal that were filed in the trial court were
ineffective and cannot operate as Rule 26.3(b) motions for extension in this court. See Moreno v.
State, 954 S.W.2d 97 (Tex.App. - San Antonio 1997, no pet’n); Jones v. State, 900 S.W.2d 421
(Tex.App. - Texarkana 1995, no pet’n). 
            Therefore, appellant’s requests for an extension are overruled, and the appeals are dismissed
for want of jurisdiction.
 
 PER CURIAM
 
December 23, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and 
Wright, J., and McCall, J.