lee, elmer edward v. state 






                     NO. 12-05-00241-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


SENECA LLWELYN MCKENZIE,                  §     APPEAL FROM THE 3RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. Appellant was convicted of delivery
of a controlled substance, and sentence was imposed on February 18, 2005. Thereafter, Appellant
timely filed a motion for new trial. Texas Rule of Appellate Procedure 26.2 provides that an appeal
is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed. Where a timely motion for
new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is
imposed or suspended in open court. Tex. R. App. P. 26.2(a)(1). Because Appellant timely filed a
motion for new trial, his notice of appeal was due to have been filed on or before May 19, 2005. 
However, Appellant did not file his notice of appeal until May 27, 2005. Along with his notice of
appeal, Appellant also filed with the trial court clerk a “Motion to File Late Appeal.” 
             On August 4, 2005, this Court notified Appellant, pursuant to rules of appellate procedure
26.2 and 37.2, that the information received in this appeal did not show the jurisdiction of this Court,
and it gave him until August 15, 2005 to correct the defect. On August 16, 2005, Appellant filed a
sworn response stating that he delivered the notice of appeal and “Motion to File Late Appeal” to
the District Clerk of Anderson County on May 27, 2005. 
            Texas Rule of Appellate Procedure 26.3 permits an appellate court to extend the time to file
the notice of appeal if, within 15 days after the deadline for filing the notice, the party files a notice
of appeal in the trial court and files a motion for extension of time in this Court. Tex. R. App. P. 
26.3(b) (emphasis added). Although Appellant filed his motion for extension of time within the 15-day period prescribed by Rule 26.3, the motion for extension of time was filed in the trial court. A
motion for extension of time filed in the trial court is not effective to extend the time for filing the
notice of appeal. Moreno v. State, 954 S.W.2d 97, 97 (Tex. App.–San Antonio 1997, no pet.); Jones
v. State, 900 S.W.2d 421, 423 (Tex. App.–Texarkana 1995, no pet.). Therefore, because Appellant’s
notice was not filed on or before May 19, 2005, his notice was untimely. 
            Because this Court has no authority to allow the late filing of a notice of appeal except as
provided by Rule 26.3, the appeal must be dismissed. See Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998). Accordingly, the appeal is dismissed for want of jurisdiction. 
Opinion delivered August 17, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(DO NOT PUBLISH)