NUMBER 13-07-180-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


_______________________________________________________


TIMOTHY WAYNE BAIN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_______________________________________________________


On appeal from the 36th District Court 


of San Patricio County, Texas.


_______________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Benavides


Memorandum Opinion Per Curiam



 Appellant, Timothy Wayne Bain, attempts to appeal his conviction for felony criminal
mischief. We are without jurisdiction to entertain this appeal. 

 Appellant was sentenced on January 29, 2007. Appellant, proceeding pro se, gave
written notice of appeal on February 27, 2007, and said notice was received by the district
clerk's office on March 5, 2007. Counsel for appellant then filed with the trial court (1) a
motion for extension of time to file notice of appeal and (2) a motion for leave to file notice
of appeal out of time. 

 A timely notice of appeal is required to invoke our jurisdiction. Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996). The notice of appeal is timely if filed within thirty days after the
sentence is imposed or suspended in open court, or within ninety days after sentencing if
the defendant files a motion for a new trial. Tex. R. App. P. 26.2(a); see Olivo, 918 S.W.2d
at 522. 

 We may consider a late notice of appeal where (1) it is filed within fifteen days of the
last day allowed for filing, (2) a motion for an extension of time is filed within the fifteen
days, and (3) we grant the motion. See Tex. R. App. P. 26.3; see also Olivo, 918 S.W.2d
at 522. If the notice of appeal is filed within the fifteen-day period but no timely motion for
extension of time is filed, we lack jurisdiction over the appeal. Olivo, 918 S.W.2d at 522.
Rule 26.3 states:

 Extension of Time. The appellate court may extend the time to file the notice
of appeal if, within 15 days after the deadline for filing the notice of appeal,
the party:


 (a) files in the trial court the notice of appeal; and

 

 (b) files in the appellate court a motion complying with Rule 10.5(b).


TEX. R. APP. P. 26.3 (emphasis added). This rule expressly provides that the motion for
extension of time must be filed in the court of appeals. See Moreno v. State, 954 S.W.2d
97, 98 (Tex. App.-San Antonio 1997, no pet.) (decided under former Rule 41(b)(2), which
contains similar language to Rule 26.3); Jones v. State, 900 S.W.2d 421, 422 (Tex.
App.-Texarkana 1995, no pet.) (same). Where the motion for extension of time is filed in
the trial court, the appellate court lacks jurisdiction over the appeal. See Moreno, 954
S.W.2d at 98; Jones, 900 S.W.2d at 423; see also Slaton, 981 S.W.2d at 209-10; Olivo,
918 S.W.2d at 522.

 In the instant case, the motion for extension of time to file the notice of appeal was
filed with the trial court rather than the appellate court. Accordingly, the appeal is
DISMISSED for lack of jurisdiction. (1)


 PER CURIAM


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 24th day of May, 2007.

 




 


 
1. The procedures for pursuing an out-of-time appeal are delineated in article 11.07 of the code of
criminal procedure. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); see also Olivo v. State, 918
S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996).