# NO. 12-14-00105-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES LEROY HALL, JR.,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Following a guilty plea, Appellant was convicted of manufacture/delivery of a controlled substance in a drug free zone. Subsequently, he filed a notice of appeal from the judgment of conviction and sentence.

In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Appellant's sentence was imposed on July 25, 2013, and he did not file a motion for new trial. Therefore, his notice of appeal was due to have been filed no later than August 12, 2013. However, Appellant did not file his notice of appeal until December 9, 2013. Because Appellant's notice of appeal was not filed on or before August 12, 2013, it was untimely, and this court has no jurisdiction of the appeal.

On April 29, 2014, this court notified Appellant, pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3, that his notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Appellant was further informed that the appeal would be dismissed unless the information in this appeal was amended on or before May 9, 2014, to show the jurisdiction of this court. That deadline has passed, and Appellant has not shown the jurisdiction of this court.

Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a). All pending motions are dismissed as moot.[1]

Opinion delivered May 14, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] On April 24, 2014, we received the trial court clerk's record in this case, which included Appellant's notice of appeal. That record reveals that on April 11, 2014, Appellant filed a motion requesting that the trial court withdraw his notice of appeal. The trial court granted the motion on April 17, 2014, and ordered "any previously filed notice of appeal to be withdrawn." However, it is within the jurisdiction of the court of appeals, and not the trial court, to rule on matters relating to jurisdiction over appeals. *See, e.g.*, ***Inyang v. State***, No. 14-04-00925-CR, 2004 WL 2251590, at *1 (Tex. App.–Houston [14th Dist.] Oct. 7, 2004, no pet.) (per curiam) (mem. op., not designated for publication) (trial court without jurisdiction to grant motion to withdraw notice of appeal and dismiss appeal); ***Moreno v. State***, 954 S.W.2d 97, 97-98 (Tex. App.–San Antonio 1997, no pet.) (trial court without jurisdiction to grant motion for extension of time to file notice of appeal); *see also* TEX. R. APP. P. 42.2(a) (motion to dismiss criminal case to be filed in and ruled upon by appellate court). Moreover, Appellant's motion does not comply with the requirements of Texas Rule of Appellate Procedure 42.2(a) because it is not signed by Appellant. Therefore, we do not rely on the motion for dismissal of this appeal.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 14, 2014

NO. 12-14-00105-CR

**CHARLES LEROY HALL, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1471-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*