Tony **HERNANDEZ** and Gary Gibson, Petitioners,

v.

**NATIONAL RESTORATION TECHNOLOGIES, L.L.C.**, Travelers Property Casualty Insurance Company and Travelers Lloyds of Texas Insurance Company, Respondents.

No. 06–0454.

Supreme Court of Texas.

Dec. 22, 2006.

Shawn Casey, Houston, for Petitioners.

J. Robin Lindley, Buck Keenan & Gage, LLP, Nicholas E. Zito, Jack McKinley, Ramey, Chandler, McKinley & Zito, P.C., Houston, for Respondents.

PER CURIAM.

Petitioners Tony Hernandez and Gary Gibson (collectively "Hernandez") allege, and Respondents concede, that the court of appeals erroneously dismissed Hernandez's appeal as untimely due to a mistaken belief that the Harris County District Clerk's Office was open for business on January 2, 2006.

An appeal is perfected when written notice is filed with the trial court clerk. Tex. R.App. P. 25.1(a). Notice is also to be filed with the appropriate court of appeals. Tex.R.App. P. 25.1(e). When a motion for new trial has been filed, as here, a notice of appeal must be filed with the trial court clerk within ninety days of the signing of the judgment. Tex.R.App. P. 26.1(a)(1).

When a filing deadline falls on a holiday or a day in which the district clerk's office is closed or inaccessible, the filing deadline is automatically extended until the end of the next day when the district clerk's office is open and accessible. Tex.R.App. P. 4.1(b).

Here, the ninety day filing deadline fell on New Year's Day. The court of appeals reopened from the holidays on January 2 but the Harris County District Clerk's Office was not open until January 3. Thus, when Hernandez's notice of appeal was filed with the district clerk and the court of appeals on January 3, the filing was timely. However, the court of appeals believed the appropriate deadline to be January 2, not realizing that the district clerk's office was closed that day. On March 2 the court of appeals ordered Hernandez, pursuant to Texas Rules of Appellate Procedure 26.3 and 10.5(b), to file a formal motion to extend time with an explanation as to why his notice of appeal was untimely.[1] Hernandez's counsel failed to respond to this order and on March 30 the court of appeals dismissed Hernandez's appeal for want of jurisdiction.

Because Hernandez's notice of appeal was timely, Texas Rules of Appellate Procedure 26.3 and 10.5(b) did not apply and Hernandez was not required to explain the timing of his notice of appeal. Accordingly, we grant the petition for review, and without hearing oral argument, we reverse the court of appeals' judgment. The case is remanded to the court of appeals to reinstate Hernandez's appeal.

---

[1] In *Verburgt v. Dorner,* this Court held that a motion for extension of time is necessarily implied when the perfecting instrument is filed after the ninety day period allowed by Rule 26.1 but within the fifteen day grace period for which the appellant would be entitled to move to extend the filing deadline. 959 S.W.2d 615, 617 (Tex.1997) (discussing the predecessor to Rule 26).