**Clyde James FREEMAN, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–10–00524–CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 19, 2011.

Brian Burns, Conroe, for Appellant.

Brett Ligon, Dist. Atty., William J. Delmore III, Asst. Dist. Atty., for the State.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Clyde James Freeman appealed from a sentence imposed on October 1, 2010. The notice of appeal was filed with the trial court on November 12, 2010, more than thirty days from the date of sentencing. We notified the parties that the notice of appeal did not appear to have been timely filed. On December 27, 2010, Freeman filed a response in which he argues that a letter mailed to the trial court on November 8, 2010, functioned as the motion for extension of time required by Texas Rule of Appellate Procedure 26.3(b). *See* Tex. R. App. P. 26.3 ("The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b).").

The rule governing a motion to extend time to file notice of appeal receives different applications in civil and criminal appeals. *Compare Hone v. Hanafin,* 104 S.W.3d 884, 885–86 (Tex.2003) and *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997) with *Olivo v. State,* 918 S.W.2d 519, 524–26 (Tex.Crim.App.1996). *See Lair v. State,* 321 S.W.3d 158, 159 (Tex.App.-Houston [14th Dist.] 2010, pet. struck); *Rollins v. State,* 282 S.W.3d 741 (Tex.App.-Beaumont 2009, no pet.). The reason for the difference is not clear, because the same rule applies in both civil and criminal appeals. *See* Tex. R. App. P. 26.3. "A person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities." *Few v. State,* 230 S.W.3d 184, 190 (Tex.Crim.App. 2007). Nevertheless, in a criminal case when a notice of appeal, but no motion for extension of time, is filed within fifteen days of the date on which the trial court imposes sentence, this Court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissal for want of jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996). A motion for extension of time filed with the trial court is not effective to invoke the appellate court's power to extend the time for perfecting appeal. *See Moreno v. State,* 954 S.W.2d 97, 98 (Tex.App.-San Antonio 1997, no pet.).

The Court finds that the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2. No motion for extension of time was timely filed pursuant to Tex. R. App. P. 26.3. It does not appear that appellant obtained an out-of-time appeal from the Court of Criminal Appeals. The Court finds it is without jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.