**DISMISS; and Opinion Filed May 14, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01045-CV

**ANTHONY KNIGHT, Appellant**
**V.**
**LATONYA MINTER, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-09003-D**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

By letter dated April 26, 2013, the Court questioned its jurisdiction over this appeal. We specifically questioned whether, given the applicability of section 362(b)(22) of the bankruptcy code, the notice of appeal had been timely filed. *See* 11 U.S.C.A. § 362(b)(22) (West Supp. 2013) (unless debtor has complied with requirements in section 362(*l*), filing of bankruptcy petition does not operate as stay of residential eviction action in which lessor obtained judgment for possession prior to date debtor filed bankruptcy petition). We instructed the parties to file a jurisdictional brief within ten days of the date of the letter. Anthony Knight filed a jurisdictional brief. As of today's date, LaTonya Minter has not appeared in this case. We dismiss this appeal for lack of jurisdiction.

**Background**

Minter filed a petition for forcible entry and detainer against Knight, seeking to recover possession of certain residential property and unpaid rent. The justice court granted the petition on December 7, 2010. Knight appealed the judgment to the county court and, on April 8, 2011, the county court signed a final judgment awarding Minter both possession of the property and $5,664.00. On April 25, 2011, Knight filed in the trial court a Suggestion of Bankruptcy indicating he had filed for relief under the bankruptcy code on April 22, 2011 and "suggest[ing] that this action has been stayed by operation of 11 U.S.C. § 362."

On July 25, 2011, the United States Bankruptcy Court heard Minter's "Motion to Cease and Evict" filed in Knight's bankruptcy proceedings. The bankruptcy court considered Minter's motion as a request "to determine the applicability of the automatic stay, or, alternatively, a motion to modify the automatic stay." The bankruptcy court found Knight "failed to comply with the requirements of section 362(*l*) of the Bankruptcy Code" and, therefore, "the continuation of Minter's eviction action is not stayed in accordance with section 362(b)(22) of the Bankruptcy Code." On August 3, 2011, Knight filed his notice of appeal from the trial court's April 8, 2011 final judgment contesting only the trial court's award of possession of the property to Minter.

**Analysis**

The filing of a petition under the bankruptcy code generally triggers the application of the automatic stay and brings to a halt most actions by creditors against the debtor, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C.A. § 362(a)(3) (West 2004); *In re Pegasus Funds TFN Trading Partners, LP*, 345 S.W.3d 175, 176 (Tex. App.—Dallas 2011, orig. proceeding). The automatic stay deprives state courts of jurisdiction until the stay is lifted or

modified.  *Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940); *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992) (order).  Accordingly, the automatic stay bars the filing of a notice of appeal in an action against the debtor in bankruptcy because that would constitute a continuation of the action.  *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g).

However, the bankruptcy code provides certain exceptions to the application of the automatic stay.  11 U.S.C.A. § 362(b) (West 2004 and Supp. 2013).  One such exception, added to the bankruptcy code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, provides that, subject to section 362(*l*), the filing of a bankruptcy petition does not trigger the protection of the stay with respect to:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

*Id.* § 362(b)(22); *In re Alberts*, 381 B.R. 171, 176 (Bankr. W.D. Penn. 2008).

Section 362(*l*) provides a limited exception to the strictures of section 362(b)(22).  11 U.S.C.A. § 362(*l*) (West Supp. 2013); *In re Williams*, 371 B.R. 102, 106 (Bankr. E.D. Penn. 2007).  First, a debtor who has incurred a pre-petition judgment for possession of residential real estate can avoid the operation of section 362(b)(22) for thirty-days following the filing of the petition if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that: (1) under applicable nonbankruptcy law the debtor may cure the default; and (2) the debtor has deposited with the bankruptcy court clerk all rent that would become due to the landlord during the thirty-day period following the bankruptcy filing.  11 U.S.C.A. § 362(*l*)(1); *Williams*, 371 B.R. at 106.  Upon compliance with the initial certification requirements, the debtor has a thirty-day window in which to cure the entire default leading to

the judgment and provide a second certification of the cure to the bankruptcy court. 11 U.S.C.A. § 362(*l*)(2); *Williams*, 371 B.R. at 106. If the debtor complies with both certification requirements, section 362(b)(22) will not apply unless the court orders otherwise under section 362(*l*)(3), which provides a procedure for the lessor to object and be heard with respect to either a debtor's initial or second certification. 11 U.S.C. § 362(*l*)(2), (*l*)(3)(A); *Williams*, 371 B.R. at 106. Finally, if the debtor fails to make either of the required certifications or the court upholds the lessor's objection to a certification, "subsection (b)(22) shall apply immediately," and "relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C.A. § 362(*l*)(3)(B)(i), (*l*)(4)(A); *see also Williams*, 371 B.R. at 106–07. "[I]f the debtor does not make the certifications with [his] petition, then absent some relief from the court, the filing of the debtor's petition will not operate as a stay of the continuation of the landlord's eviction proceedings." *In re Harris*, 424 B.R. 44, 52–53 (Bankr. E.D. N.Y. 2010).

The judgment awarding possession of the property to Minter was signed prior to Knight filing his bankruptcy petition. The record does not reflect that Knight filed the required certification with his bankruptcy petition or the certification thirty days later verifying that he had cured the default. Further, the bankruptcy court found that Knight failed to comply with the requirements of section 362(*l*) and, pursuant to section 362(b)(22), the continuation of Minter's action was not stayed by the bankruptcy code. Because Knight failed to comply with section 362(*l*) of the bankruptcy code, we conclude the automatic stay did not apply to Minter's action for possession of the property. Accordingly, the filing of the bankruptcy petition did not extend the appellate timetable applicable to the final judgment in this case. *See, e.g., Brashear*, 302 S.W.3d at 546–50 (applicability of automatic stay under section 362(a) of bankruptcy code in

conjunction with section 108(c) of the bankruptcy code operated to extend appellate deadline until thirty days after notice of termination of bankruptcy proceedings).

The appellate timetable for this appeal began running on April 8, 2011 when the trial court signed the final judgment. Neither party filed a motion for new trial or other post-judgment motion that would have extended the appellate deadline. *See* TEX. R. APP. P. 26.1(a). Accordingly, Knight had thirty days from when the final judgment was signed in which to file his notice of appeal. *Id.*[1] Knight did not file a notice of appeal until August 3, 2011.

In his jurisdictional brief, Knight does not contest that section 362(b)(22) of the bankruptcy code applies to the judgment of possession obtained by Minter prior to Knight filing the bankruptcy petition or contend that the automatic stay in conjunction with some other provision of the bankruptcy code extended the appellate timetable. Rather, he asserts he received ineffective assistance of counsel because his attorney advised him to file a bankruptcy petition rather than a timely appeal from the trial court's judgment. He requests that we "re-consider [his] request of an appeal due to the ineffective manner in which [his] attorney handled this process."

The doctrine of ineffective assistance of counsel generally does not extend to civil cases. *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.); *see also Chalfant v. Brookdale Senior Living Communities, Inc.*, No. 01-12-00140-CV, 2013 WL 1790226, at *6 (Tex. App.—Houston [1st Dist.] Apr. 25, 2013, no pet. h.) (mem. op.). Although an exception to the general rule has been created with regard to trial counsel performance in parental-rights termination cases, *see In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003), this case does not fall within the exception. Further, we are aware of no authority concluding an appeal of

---

[1] Because May 8, 2011, the thirtieth day after the judgment was signed, fell on a Sunday, Knight had until May 9, 2011 to file his notice of appeal. *See* TEX. R. APP. P. 4.1(b); *Hernandez v. Nat'l Restoration Technologies, L.L.C.*, 211 S.W.3d 309, 309 (Tex. 2006) (per curiam).

a civil case may be viable based on the complaint that counsel was ineffective by failing to timely perfect the appeal. *See* TEX. R. APP. P. 2 (appellate court may not construe rule allowing court to suspend a rule's operation so as to alter time for perfecting an appeal in a civil case).

Knight failed to file a timely notice of appeal from the trial court's April 8, 2011 judgment. Without a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Therefore, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

111045F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY KNIGHT, Appellant

No. 05-11-01045-CV        V.

LATONYA MINTER, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-10-09003-D.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Murphy
participating.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee LaTonya Minter recover her costs of this appeal from appellant Anthony Knight.

Judgment entered this 14th day of May, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE