**Dismissed and Memorandum Opinion filed April 22, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00975-CR

## EX PARTE JOSE AGOSTADERO

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1175214-A**

## M E M O R A N D U M    O P I N I O N

On September 20, 2013, the trial court signed an order denying appellant Jose Agostadero's application for a writ of habeas corpus. The State contends this court lacks jurisdiction because appellant filed his notice of appeal one day late and then filed his motion to extend time one day late. We agree with the State and dismiss the appeal.

Appellant's notice of appeal was due on October 21, 2013. *See* Tex. R. App. P. 26.2(a)(1) (notice of appeal must be filed within 30 days of an appealable order); *see also* Tex. R. App. P. 4.1(a). But appellant filed his notice of appeal one

day late, on October 22. Appellant's notice of appeal would have been timely, nonetheless, if appellant had filed a motion to extend the time for filing a notice of appeal within fifteen days of October 21—by November 5. *See* Tex. R. App. P. 26.3. Appellant e-filed a motion to extend time, but it was file-stamped at 12:04 a.m. on November 6. To be filed timely, appellant's motion had to be transmitted to appellant's electronic filing service provider before midnight. *See* Tex. R. App. P. 9.2(c)(4). Thus, appellant's motion was about five minutes late.

We initially denied appellant's motion as moot, but after the State raised the jurisdictional issue in its brief, we notified the parties that appellant's motion was untimely and we would consider dismissal. We invited the parties to file a response, noting that our record did not reflect (1) when the motion was transmitted to appellant's electronic filing service provider; or (2) whether there was a technical failure or system outage. *See* Tex. R. App. P. 9.2(c)(4)–(5).

Appellant filed a response stating that his failure to timely file the motion was a result of counsel's calendaring the due date for the motion incorrectly: "Once counsel realized this mistake on the evening of November 5, a motion for extension was prepared but could not be e-filed until four minutes after midnight. The failure to complete and file the extension motion 5 minutes earlier was the result of inadvertence, mistake, and mischance." Appellant did not allege or prove that the motion was transmitted to appellant's electronic filing service provider before midnight, or that there was a technical failure or system outage that caused the untimely filing.

In a civil case, a motion to extend the time for filing a notice of appeal is "necessarily implied" when an appellant files a notice of appeal within the fifteen-day grace period authorized by Rule 26.3. *See Hernandez v. Nat'l Restoration Techs., L.L.C.*, 211 S.W.3d 309, 310 n.1 (Tex. 2006) (per curiam); *Verburgt v.*

2

*Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In a criminal case, however, we do not infer a motion to extend the time for filing a notice of appeal: "When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

Appellant notes that since *Olivo*, the Court of Criminal Appeals has "functionally embraced an approach to perfecting appeals and notice of appeal closer to that of the Texas Supreme Court." *Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007) (quotation omitted) (holding that the appellant's appeal should not be dismissed merely because the notice of appeal included the wrong cause number; appellant was entitled to a reasonable opportunity to correct the defect). However, "nothing in *Few* suggests that the court has extended the *Verburgt* holding regarding timeliness and implied extensions to the timeliness requirement." *Strange v. State*, 258 S.W.3d 184, 187 n.2 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Since *Few*, this court has repeatedly dismissed appeals in criminal cases when the appellant filed a notice of appeal within the fifteen-day grace period but did not file a timely motion to extend time. *See, e.g.*, *Greer v. State*, 14-11-00898-CR, 2012 WL 130952, at \*1 (Tex. App.—Houston [14th Dist.] Jan. 12, 2012, no pet.) (per curiam) (appellant filed a notice of appeal within the grace period but filed a motion to extend time after the grace period). Further, the Court of Criminal Appeals has continued to recognize *Olivo* as precedent, reaffirming the "continuing validity of [the] *Olivo* rule under [the] revised TRAPs." *Castillo v. State*, 369 S.W.3d 196, 198 & n.10 (Tex. Crim. App. 2012) (citing *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam)).

Appellant cites to Justice Sharp's concurring opinion in *Lair v. State* and asks this court to follow *Verburgt* rather than *Olivo*. *See* 321 S.W.3d at 160 (Sharp, J., concurring). Lair had filed a notice of appeal within the fifteen-day grace period but did not file a motion to extend time. *Id.* at 159 (majority op.). The First Court of Appeals dismissed the appeal for lack of jurisdiction, and Justice Sharp concurred to urge Lair to "petition the Court of Criminal Appeals to consider this issue" and to "provide the Court of Criminal Appeals an opportunity to adopt the holding of *Verburgt* and to bring procedural consistency to our civil and criminal appellate jurisprudence." *Id.* at 160 (Sharp, J., concurring). Lair filed a petition for discretionary review, but the Court of Criminal Appeals refused it. *Lair* does not support appellant's position.

Appellant urges several other reasons for abandoning *Olivo*, such as a lack of harm to the State, but appellant does not support his arguments with controlling authority. In particular, appellant asks this court to enlarge the time for filing a motion to extend time by invoking Rule 2 of the Texas Rules of Appellate Procedure, but the Court of Criminal Appeals rejected that argument in *Slaton*, 981 S.W.2d at 210.

*Olivo* is controlling authority, and we are bound by it. *See, e.g.*, *Zarchta v. State*, 44 S.W.3d 155, 162 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("[A]s an intermediate appellate court, we are bound by controlling authority from the Court of Criminal Appeals."). Appellant did not timely file a motion to extend the time for filing his notice of appeal within fifteen days as required by Rule 26.3, and appellant does not contend a technical failure or system outage caused the filing to be untimely.

Accordingly, the appeal is dismissed.

/s/    Sharon McCally
Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).