

# NUMBER 13-15-00294-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID TREVINO,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam

Appellant, David Trevino, attempted to perfect an appeal from a conviction for evading arrest. *See* TEX. PEN. CODE ANN. § 38.04 (West, Westlaw through Ch. 46 2015 R.S.). Sentence was imposed in this cause on May 27, 2015. Appellant did not file a motion for new trial and filed his notice of appeal on July 6, 2015. We dismiss the appeal for want of jurisdiction.

On July 7, 2015, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant did not correct the defect or file a response to this Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App.1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due to have been filed on or before June 26, 2015. *See id.* R. 26.2(a)(1). Within the fifteen day time period, appellant filed his notice of appeal but did not file a motion for extension of time.

In a civil case, a motion to extend the time for filing a notice of appeal is "necessarily implied" when an appellant files a notice of appeal within the fifteen-day grace period authorized by Rule 26.3. *See Hernandez v. Nat'l Restoration Techs., L.L.C.*, 211 S.W.3d 309, 310 n.1 (Tex. 2006) (per curiam); *Verburgt v. Dorner*, 959 S.W.2d 615, 617–19 (Tex. 1997). In a criminal case, however, we do not infer a motion to extend the time for filing a notice of appeal: "When a notice of appeal, but no motion for

2

extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim .App.1996); *see Lair*, 321 S.W.3d at 159; *see also Ex parte Agostadero*, 14-13-00975-CR, 2014 WL 1622772, at *1 (Tex. App.—Houston [14th Dist.] Apr. 22, 2014, pet. ref'd) (not designated for publication).

Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through Ch. 46 2015 R.S.); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of July, 2015.