# NO. 12-20-00010-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHARON NICOLE WALTON,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Sharon Nicole Walton appeals from her conviction for engaging in organized criminal activity, a felony offense. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that an appellate court may extend the time to file the notice of appeal if, within fifteen days after the filing deadline, the party "(a) files in the trial court the notice of appeal; and (b) files *in the appellate court* a motion complying with Rule 10.5(b)." TEX. R. APP. P. 26.3 (emphasis added).

In this case, sentence was imposed on November 7, 2019 and the record does not indicate that Appellant filed a motion for new trial; thus, Appellant's notice of appeal was due on or before December 9. *See* TEX. R. APP. P. 26.2(a). Appellant filed her notice of appeal on December 13. To be timely, a motion for extension of time to file the notice of appeal was due on or before December 27, 2019. *See* TEX. R. APP. P. 26.3. While Appellant filed a motion for extension of time with the trial court on December 13, she did not file a motion with this Court, as required by Rule 26.3(b). *See id*.

On January 15, 2020, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed

by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before January 27 to show this Court's jurisdiction. On January 21, Appellant filed a motion for extension of time, which states that the trial court did not receive Appellant's request for appeal and appointment of appellate counsel until December 12, 2019, and counsel received the court appointment on December 13. Counsel states that the late filing of the notice of appeal was not intentional and that neither counsel nor Appellant caused the delay. Counsel does not explain why a motion to extend time was filed with the trial court, instead of this Court, within the fifteen-day window allowed by Rule 26.3.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Although Appellant filed a motion for extension of time on December 13, that motion was not filed with the proper court. The Texas Court of Criminal Appeals has stated that a "late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed *in the court of appeals* within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." **Olivo**, 918 S.W.2d at 522 (emphasis added).[1] Accordingly, only an appellate court, not the trial court, has authority to grant an extension of time to file a notice of appeal. *See id.*; *see also* **Castro v. State**, No. 05-17-01326-CR, 2017 WL 6616389, at *1 (Tex. App.—Dallas Dec. 28, 2017, no pet.) (mem. op., not designated for publication); TEX. R. APP. P. 26.3. "A motion for extension of time filed with the trial court is not effective to invoke the appellate court's power to extend the time for perfecting appeal." **Freeman v. State**, 330 S.W.3d 922 (Tex. App.—Beaumont 2011, no pet.). If a notice of appeal is filed within the fifteen-day period, but no timely motion for

---

[1] Unlike the Texas Supreme Court, the Texas Court of Criminal Appeals has not held that an extension is implied when a notice of appeal is filed within fifteen days after the filing deadline. **Lair v. State**, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing **Few v. State**, 230 S.W.3d 184, 189–90 (Tex. Crim. App. 2007), **Bayless v. State**, 91 S.W.3d 801 (Tex. Crim. App. 2002), **Verburgt v. Dorner**, 959 S.W.2d 615, 617 (Tex.1997)).

extension of time is filed, the appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. *Olivo*, 918 S.W.2d at 522-23.

Here, Appellant's notice of appeal was not timely filed and she did not file a motion for extension with this Court within the time prescribed by Rule 26.3. The motion she filed in the trial court did not invoke this Court's jurisdiction to extend the time for perfecting appeal. *See Freeman*, 330 S.W.3d at 922. Under these circumstances, we *dismiss* Appellant's appeal for *want of jurisdiction*.[2] *See Olivo*, 918 S.W.2d at 522; *see also Castro*, 2017 WL 6616389, at *1 (by filing motion to extend time to file notice of appeal in trial court rather than appellate court, appellant failed to comply with requirement to obtain an extension of time to file notice of appeal; dismissed for want of jurisdiction); *Weems v. State*, No. 04-14-00001-CR, 2014 WL 667607, at *1 (Tex. App.—San Antonio Feb. 19, 2014, no pet.) (mem. op., not designated for publication) (per curiam) (appellant filed motion to extend time for filing notice of appeal with trial court; because appellant failed to file extension in proper court, appellate court dismissed for want of jurisdiction); *Bain v. State*, No. 13-07-00180-CR, 2007 WL 1519315, at *1 (Tex. App.—Corpus Christi May 24, 2007, no pet.) (mem. op., not designated for publication) (per curiam) (when motion for extension of time is filed in trial court, appellate court lacks jurisdiction over appeal); TEX. R. APP. P. 43.2(f).

Opinion delivered January 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 (West 2005); *see also Ex parte Castro*, No. WR-89,084-01, 2018 WL 5624011 (Tex. Crim. App. Oct. 31, 2018) (op., not designated for publication) (per curiam) (granting out of time appeal to appellant, whose appeal was dismissed for want of jurisdiction due to motion for extension filed in trial court rather than appellate court).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2020**

**NO. 12-20-00010-CR**

**SHARON NICOLE WALTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 29857)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*