

# NUMBER 13-19-00594-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PEDRO HERNANDEZ III,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Longoria

Appellant Pedro Hernandez III attempted to perfect an appeal from a judgment adjudicating guilt for a conviction of indecency with a child by exposure. *See* TEX. PEN. CODE ANN. § 21.11(a)(2). Sentence was imposed in this cause on October 16, 2019. Appellant filed both his motion for new trial and his notice of appeal on November 18, 2019. We dismiss the appeal for want of jurisdiction.

On December 18, 2019, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. *See* TEX. R. APP. P. 37.1, 44.3; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Torres v. State*, 493 S.W.3d 213, 216 (Tex. App.—San Antonio 2016, no pet.). The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant's court-appointed counsel filed a response to the Court's directive, stating in relevant part that:

> Undersigned counsel received the attached appointment notice from the 28th District Court on December 17, 2019.
>
> Upon reviewing the prior docket activity, the District court docket reflects that prior counsel filed a notice of appeal on November 18, 2019.
>
> On December 19, 2019, counsel e-filed a notice of appeal and request for record.
>
> On December 20, 2019, counsel re-efiled the notice of appeal and request for record due to a missing certificate of service.
>
> In response to the court's December 18, 2019 letter, counsel advises the court that he has done everything possible to preserve appellant's right to appeal since his appointment on December 17, 2019, and respectfully requests that appellant be granted his right to appeal and that the appeal go forward.

Texas Rule of Appellate Procedure 26.2 provides that a criminal defendant's appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1), (2); *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018). A motion for new trial is due "before, but no later than 30 days after, the date when the trial court

2

imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a); *see State v. Arizmendi*, 519 S.W.3d 143, 150 (Tex. Crim. App. 2017). The time within which to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3; *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

Here, appellant was sentenced on October 16, 2019 and filed both his motion for new trial and his notice of appeal on November 18, 2019, more than thirty days later. Appellant's motion for new trial was due no later than thirty days after the trial court imposed sentence, or by November 15, 2019. *See* TEX. R. APP. P. 21.4(a); *Arizmendi*, 519 S.W.3d at 150. Appellant's motion for new trial was untimely, and therefore his notice of appeal was due to have been filed within thirty days, rather than ninety days, after the day sentence was imposed or suspended in open court. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal was not filed within this period of time.

In a civil case, a motion to extend the time for filing a notice of appeal is "necessarily implied" when the appellant files a notice of appeal within the fifteen-day grace period authorized by Rule 26.3. *See Hernandez v. Nat'l Restoration Techs.*, *L.L.C.*, 211 S.W.3d 309, 310 n.1 (Tex. 2006) (per curiam); *Verburgt v. Dorner*, 959 S.W.2d 615, 617–19 (Tex. 1997). In a criminal case, however, we do not infer a motion to extend the time for filing a notice of appeal. *See Freeman v. State*, 330 S.W.3d 922 (Tex. App.—Beaumont 2011, no pet.); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also Ex parte Agostadero*, No. 14-13-00975-CR, 2014 WL 1622772, at *1 (Tex. App.—Houston [14th Dist.] Apr. 22, 2014, pet. ref'd) (not designated

3

for publication). "When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim .App. 1996); *see Lair*, 321 S.W.3d at 159.

The Court, having examined and fully considered the notice of appeal and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 1, 3, 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Accordingly, we dismiss this appeal for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of February, 2020.

4