# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00018-CR

---

**Christopher McDavid, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-DC-24-904089, THE HONORABLE BRANDY MUELLER, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Christopher McDavid was convicted of the offense of unlawful possession of a firearm by a felon and sentenced to nine years' imprisonment. *See* Tex. Penal Code §§ 12.34, 46.04. The sentence was imposed on October 24, 2024. No motion for new trial was filed. Following his conviction, McDavid mailed to the trial court clerk a notice of appeal as well as a motion for extension of time to file a notice of appeal. The postmark affixed to the envelope containing the notice and motion reflected that the documents were mailed on November 26, 2024.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). "A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivio v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because a timely notice of appeal "is essential to vest the court of appeals with jurisdiction," "a court of appeals does not obtain jurisdiction to address the merits of the appeal" and "can take no action other than to dismiss the appeal" if an appeal is not timely perfected. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

In criminal cases in which no motion for new trial is filed, a defendant's "notice of appeal must be filed . . . within 30 days after the day sentence is imposed or suspended in open court." Tex. R. App. P. 26.2(a). The notice must be filed with the trial court clerk. *Id.* R. 25.2(c). Despite the 30-day deadline, an appellate court may extend the time to file a notice of appeal under limited circumstances. *Id.* R. 26.3. Specifically, an appellate court may extend the deadline if "within 15 days after the deadline for filing a notice of appeal," the defendant "files in the trial court the notice of appeal" and "files in the appellate court a motion" for extension of time. *Id.* Further, in criminal cases, unlike in civil cases, appellate courts cannot infer a motion for extension of time when a notice of appeal is filed within 15 days of the deadline. *See Olivo*, 918 S.W.2d at 523; *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (explaining that for civil cases "a motion for extension of time is necessarily implied when an appellant acting in good faith" files notice of appeal "within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline").

Moreover, under the Rules of Appellate Procedure, a document is deemed "filed in an appellate court by delivering it to . . . the clerk of the court in which the document is to be filed." Tex. R. App. P. 9.2(a). Although a document will be deemed to be timely filed under the mailbox rule if it is received within ten days of a filing deadline, that rule applies only if the document "was sent to the proper clerk," "was placed in an envelope or wrapper properly

addressed and stamped," and "was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing." *Id.* R. 9.2(b). Regarding the last requirement, "a legible postmark" is "conclusive proof of the date of mailing." *Id.*

In this case, the notice of appeal was due within 30 days of the date McDavid's sentence was assessed, meaning that the notice was due on November 23, 2024. *Id.* R. 26.2. Because that day fell on a Saturday, the deadline was extended to Monday, November 25, 2024. *Id.* R. 4.1. However, the postmark affixed to McDavid's envelope confirms that the mailing date was November 26, 2024. *Id.* R. 9.2. Accordingly, the notice was not timely, *id.* R. 26.2, and the notice cannot be deemed timely under the mailbox rule, *id.* R. 9.2. Although McDavid filed a motion for extension of time to file a notice of appeal within 15 days of the deadline for filing a notice of appeal, he filed the motion in the trial court rather than this Court as required for an extension to be granted. *See id.* R. 26.3.

Under the Rules of Appellate Procedure, a trial court does not have authority to grant an appellant an extension of time to file a notice of appeal. *See id.*; *Jones v. State*, 900 S.W.2d 421, 422 (Tex. App.—Texarkana 1995, no pet.). As the Court of Criminal Appeals has explained, a "late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed *in the court of appeals* within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." *Olivio*, 918 S.W.2d at 522 (emphasis added); *see* Tex. R. App. P. 26.3. "A motion for extension of time filed with the trial court is not effective to invoke the appellate court's power to extend the time for perfecting appeal." *Freeman v. State*, 330 S.W.3d 922, 922 (Tex. App.—Beaumont 2011, no pet.). If a notice of appeal is filed within the 15-day period, but

3

no timely motion for extension of time is filed, the appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. *Olivo*, 918 S.W.2d at 522-23; *Weems v. State*, No. 04-14-00001-CR, 2014 WL 667607, at *1 (Tex. App.—San Antonio Feb. 19, 2014, no pet.) (mem. op., not designated for publication) (per curiam) (dismissing appeal for want of jurisdiction because appellant filed motion for extension of time to file notice of appeal with trial court rather than appellate court).

In light of the preceding, we must conclude that McDavid did not timely file his notice of appeal. *See Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (noting that "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure").[1] Because the notice of appeal was untimely, we do not have jurisdiction over the appeal and must, therefore, dismiss it. *See Slaton*, 981 S.W.2d at 210.

For these reasons, we dismiss McDavid's appeal for want of jurisdiction.

---

[1] After McDavid filed his pro se motion and notice with the trial court, he was appointed an appellate attorney. McDavid's appointed counsel has filed with this Court a motion for extension of time to perfect the appeal arguing that McDavid attempted to appeal his conviction before the appointment of counsel and requesting that this Court grant the extension given McDavid's efforts even though the requirements of the Rules of Appellate Procedure were not complied with. In the absence of a timely notice of appeal as contemplated by the Rules of Appellate Procedure, we have no jurisdiction to consider the merits and must dismiss the appeal, and we have no authority to extend the time for perfecting an appeal except as provided by the Rules of Appellate Procedure. *See* Tex. R. App. P. 26.2, .3; *Slanton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see also Olivio v. State*, 918 S.W.2d 519, 525 (Tex. Crim. App. 1996) (noting that in criminal context, jurisdiction cannot be substantially invoked). However, as appointed counsel points out, McDavid has the option of filing an application for writ of habeas corpus seeking an out-of-time appeal. *See* Tex. Code Crim Proc. art. 11.07; *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.) (stating that proper vehicle for seeking out-of-time appeal is application for writ of habeas corpus filed with Court of Criminal Appeals under article 11.07 of Code of Criminal Procedure).

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed:   February 11, 2025

Do Not Publish